# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

| | |
|---|---|
| In re:<br>    Roney Louis Harris<br><br>    Debtor | Chapter 7<br><br>Case No. 17-31042-CJP |
| David W. Ostrander, Chapter 7 Trustee<br>Plaintiff<br>    vs.<br>Phyllis Harris Thomas and Robert Earl Harris<br>Defendants | Adversary Proceeding No. |

## TRUSTEE'S COMPLAINT TO SELL CO-OWNED REAL PROPERTY

1. This is an adversary proceeding filed pursuant to 11 U.S.C. §363(h) and Federal Rule of Bankruptcy Procedure 7001 *et seq.* seeking Bankruptcy Court authorization to sell both the Bankruptcy Estate's interest and the co-owners' interest in the real property located at 1111 Church Street, Morrisville, North Carolina (the "Property").

2. The Court has jurisdiction over the matters set forth herein pursuant to 28 U.S.C. §1334.

3. Pursuant to 28 U.S.C. §157(b)(2)(N), the matters set forth herein constitute core proceedings.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

5. The Plaintiff consents to a final order or judgment by the Bankruptcy Court.

6. The Plaintiff, David W. Ostrander ("Plaintiff" or "Trustee"), is the duly appointed, qualified and acting Trustee in bankruptcy of Roney Louis Harris (the "Debtor").

7. The Defendant, Phyllis Harris Thomas, ("Thomas"), is an individual with a residential and mailing address, upon information and belief, of 109 Cromwell Court, Cary, NC 27513.

8. The Defendant, Robert Earl Harris, ("Harris"), is an individual with a residential and mailing address, upon information and belief, of 1111 Church Street, Morrisville, NC 27560.

9. Upon information and belief, Thomas and Harris are the siblings of the Debtor.

10. Upon information and belief, Harris resides at the Property.

11. On December 13, 2017 (the "Petition Date"), the Debtor filed a Voluntary Petition in this Court under the provisions of Chapter 7 of the Bankruptcy Code.

12. The case was converted to Chapter 13 on April 13, 2018, but then converted back to Chapter 7 on February 18, 2020, and David W. Ostrander was reappointed as Chapter 7 Trustee.

13. On Schedule A/B – Property, the Debtor listed the Property as having a value of $229,135 and that the value of the portion he owned was $76,378[1].

14. The Debtor listed no creditors on Schedule D – Creditors Who Have Claims Secured By Property.  Upon information and belief, there is no mortgage encumbering the Property.

15. The Debtor's exemptions claimed in the Property have been denied.  The Trustee contends that the Debtor cannot claim a valid exemption in the Property.

16. Upon information and belief, the Property generally consists of 1.73 acres, contains an uninhabitable, small, single family house, and a mobile home in which Harris resides.

17. The assessed value of the Property is approximately $229,000.  The value of the Property according to the online resource Zillow, is approximately $267,000.

18. The Trustee has been informed by a real estate agent, familiar with real estate in the area of the Property, that the Property would sell for a price in the range of $280,000 and $300,000.

---

[1] Upon information and belief, the Property is owned by the Debtor, Thomas and Harris as Tenants In Common by virtue of the Property being inherited from their mother; the Debtor's interest value, $76,378, would represent approximately one third of the Debtor's listing for the total value of the Property.

19. By letters dated March 3, 2020, the Trustee solicited interest from Thomas and Harris for the purchase of the Debtor's one third interest in the Property. Harris subsequently replied by leaving a somewhat difficult to understand voice mail message for the Trustee, and requesting that he not be contacted further. The Trustee spoke with Thomas by phone; Thomas informed the Trustee that she "did not have the money" to purchase the Debtor's interest in the Property. Neither Thomas nor Harris have made an offer to the Trustee to purchase the Debtor's one third interest.

20. The Trustee contends that a sale of the Debtor's and the co-owners' interest in the Property will maximize the value for the Bankruptcy Estate. Upon information and belief, it is highly unlikely that a third party would be interested in purchasing just the Debtor's one third interest in the Property.

21. The partition of the Property between the Bankruptcy Estate and the Defendants is impracticable.

22. The sale of the Bankruptcy Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of the interest of the Defendants.

23. The benefit to the Estate of a sale of the Property free of the interest of the Defendants outweighs the detriment, if any, to the Defendants.

24. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

25. The sale of the interests of the Debtor/Bankruptcy Estate and the Defendants may be authorized by this Court pursuant to 11 U.S.C. §363(h).

**WHEREFORE** the Trustee requests that the Court enter a judgment:

a) authorizing the Trustee to sell the Debtor's/Bankruptcy Estate's interest, as well as the Defendants' interest, in the Property;

b) authorizing the Trustee to charge the co-owners with their share of the costs and expenses of selling the Property pursuant to 11 U.S.C. §363(j), and

c) granting such further relief as this Court deems just and proper.

Dated: March 13, 2020

David W. Ostrander, Trustee

By: /s/ David W. Ostrander
David W. Ostrander, Esq., BBO#554004
Ostrander Law Office
36 Service Center Road, P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300  F: (413) 585-9490
E: david@ostranderlaw.com